IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRANCE TURNER, and LATOSHANN THOMPSON, <br><br> Plaintiffs, <br><br> vs. <br><br> METHODIST HOSPITAL, CHI HEALTH MERCY, NEBRASKA MEDICAL CENTER, and BRADDOCK FINNEGAN MEDICAL PRACTITIONERS, <br><br> Defendants. | 8:23CV353 <br><br> MEMORANDUM AND ORDER |

Plaintiff Terrance Turner ("Turner") filed a Complaint, Filing No. 1, on August 8, 2023, and was given leave to proceed in forma pauperis, Filing No. 6. Turner lists himself as the plaintiff in the Complaint's caption, but Latoshann Thompson ("Thompson") is listed as a co-plaintiff elsewhere in the Complaint. *See* Filing No. 1 at 1, 5. The Court initially docketed this case with Turner as the sole plaintiff but added Thompson as a co-plaintiff after Thompson filed what the Court has docketed as a Motion to Dismiss on September 15, 2023. Filing No. 7. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and will address the various other motions filed by Thompson and Turner.

**I. BACKGROUND AND SUMMARY OF COMPLAINT**

In the Complaint, Turner named Methodist Hospital, CHI Health Mercy, Nebraska Medical Center, and Braddock Finnegan Medical Practitioners as defendants in the caption, but he also appears to name as additional defendants this Court and two of its judges, several federal agencies, and two pharmaceutical companies. Filing No. 1 at 1–

2. Turner, a citizen of Virginia, alleges Thompson suffers from an infection which medical professionals are failing to treat and seeks "$20,000,000 USD for medical hazard services to invade Nebraska to resolve and interdict this woman's health" because she "needs to be hospitalized by the CDC, HHS, FDA, NIH immediately." *Id.* at 4 (capitalization corrected and altered from original). Turner signed the Complaint as both "Plaintiff" and "Attorney" and included a digital signature for co-plaintiff Thompson. *Id.* at 5–6. Turner lists his bar number as "INTERPOL SEC BAR 431170989" and his law firm as "Service Zero Professional Services." *Id.* at 5.

On September 15, 2023, Thompson submitted correspondence to the Court, which the Court docketed as a Motion to Dismiss. Filing No. 7. In the motion, Thompson explains she hired Turner to represent her on her medical malpractice case, which Turner filed "in Northern District of California case # 23-03962" and in this Court. *Id.* at 1. Thompson goes on to state, "I recently found out that Terrance Turner is a fraud. Mr. Turner mislead [sic] and blindsighed [sic] me. . . . I was mislead [sic] into signing [Turner] as the plaintiff on my case and the same case filed in Nebraska." *Id.* Thompson asks the Court to "dismiss the case voluntarily on [her] behalf" and explains that she has also written "the courts in California requesting removal of Mr. Turner off my case." *Id.* Thompson attached an August 28, 2023 letter from the United States District Court for the Northern District of California regarding the assignment of judges in the case *Turner v. Methodist Hospital*, 23-cv-03962-JCS (hereinafter the "California case"). *Id.* at 2.

After the Court added Thompson as a co-plaintiff in this matter and filed her Motion to Dismiss, Thompson submitted additional correspondence providing more background of her medical claims, Filing No. 9; Filing No. 11, as well as what the Court docketed as

2

a Motion to Withdraw her Motion to Dismiss (hereinafter "Motion to Withdraw"), Filing No. 8. In the Motion to Withdraw, Thompson acknowledges that she now appears as a co-plaintiff in this matter and asks the Court to disregard her request to dismiss this case and, instead, dismiss Turner's claims against her. *Id.* at 1. Thompson denies Turner's claims that her medical issues require any sort of government intervention or quarantine and reiterates that "[t]he only thing Turner did was file a case for me in Federal [court] for a medical malpractice toward the Defendants" who performed surgery on Thompson's face, *Id.*, for which Thompson paid Turner $500.00, Filing No. 11 at 2. Thompson attached additional documents from the California case to the Motion to Withdraw, including a portion of a September 20, 2023 order by a magistrate judge recommending dismissal of the case because "Turner's filings are 'malicious' under 28 U.S.C. § 1915(e)(2)(B)(i)" and "Thompson has indicated that she does not desire to proceed with any claims asserted in the complaint." Filing No. 8 at 4–5.

On September 27, 2023, Turner filed what appears to be copies of documents filed in the California Case, which the Court docketed as a Motion. Filing No. 10. The Motion includes a "Warrant for the Arrest of a Witness in a Civil Action" seeking Thompson's arrest, a motion to compel sanctions against Thompson, a letter, and an objection. Within the Motion's materials, Turner makes explicit death threats against Thompson, stating that Thompson "NEEDS TO BE BURNED ALIVE," *Id.* at 3, that she "need[s] to be picked up and tossed into a fire. You need to take your unhygienic ass and die in a fire and just fucking die" and that he "WILL MURDER [Thompson] IN THE PRESENCE OF LAW ENFORCEMENT," *Id.* at 6–7.

On October 13, 2023, Thompson filed a second motion asking the Court, again, to dismiss Turner's claims and providing additional information regarding Thompson's medical malpractice claims. Filing No. 12. Thompson attached additional documents from the California case, including a copy of an "Order Adopting Report and Recommendation Re Dismissal" in which the United States District Court for the Northern District of California dismissed Turner's claims with prejudice, dismissed Thompson's claims without prejudice, and directed the clerk to seal the case and reject any future filings from Turner in the case. *Id.* at 6. Thompson also included a copy of her complaint filed in this Court in *Thompson v. Finnegan et al.*, Case No. 8:20CV70, *see Id.* at 7–18, which this Court dismissed without prejudice for lack of subject matter jurisdiction on June 18, 2020, see Filing No. 8, Case No. 8:20CV70.

Finally, on October 16, 2023, Turner filed an unsigned "Motion to Form Warrant Request for Arrest & Detention of Suspect Performing Obstruction of Justice & Assault." Filing No. 13. Turner appears to complain that Thompson disputed the amounts charged by Turner with her bank and, as a result, Turner had to refund the money to his payment processor. Turner makes some rather nonsensical, delusional, and outrageous statements in his motion, such as, "I can use API code on the website, potentially in some way but I am controlled by invisible FBI who are advising me against it;" and "This is a psychic invasion fucker. This is a psychic attack situation, like when a UK person alleges some nonsensical thing, something ancillary and it says 'oh but you didn't tie your shoes and that's how I know I need my money back.'" *Id.* at 2. Turner also reiterates his desire that Thompson "dies but space technology from government powers is keeping [her]

functioning in this realm" and that she "be picked up by health and human services and thrown in an incinerator." *Id.* at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Upon review of the Complaint, the Court concludes, as the court did in the California case, that Turner's claims should be dismissed with prejudice because they are malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See* In re Tyler, 839 F.2d 1290, 1293–95 (8th Cir.1988) (an action is malicious when it contains allegations the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language); *see also* Aston v. Probst, 217 F.3d 844 (9th Cir. 2000) (affirming dismissal of action under 28 U.S.C.§ 1915(e)(2)(B)(i) and court's inherent power based on "threatening and abusive filings."); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam) (complaint that threatens violence subject to "immediate dismissal" under 28 U.S.C. § 1915). In light of the Court's conclusion, both of Turner's pending motions, Filing No. 10; Filing No. 13, will be denied as moot, and Thompson's motions to dismiss Turner's claims, Filing No. 8; Filing No. 12, will be granted.

Moreover, to the extent Turner is prosecuting this case on behalf of Thompson as her purported attorney, he cannot do so as he admits he is "not a state level bar attorney, certified by the state." Filing No. 10 at 7. Though Turner claims to "operate at the behest of the government and INTERPOL," *Id.*, he is not a member of the bar of this Court, nor is he licensed in Nebraska,[1] Virginia, or California. *See* Turner v. Eli Lily Co., No. 23-CV-

---

[1] *See* Nebraska Supreme Court Attorney Services Division, https://mcle.wcc.ne.gov/ext/SearchLawyer.do (last visited Oct. 23, 2023)

6

1722-JO-DDL, 2023 WL 6851996, at *2 n.1 (S.D. Cal. Oct. 17, 2023) (noting no record of an attorney named Terrance Turner found in search of both the Virginia and California Bar websites). Because he is not a licensed attorney, Turner cannot represent Thompson or any other person in court. *C.H. by & through Hunt v. Pattonville Sch. Dist.*, No. 4:21-CV-00443-JCH, 2021 WL 4061106, at *2 (E.D. Mo. Sept. 7, 2021) ("A non-attorney pro se litigant may represent him or herself in federal court, but cannot represent another person."); *Jackson v. Dayton*, No. 15-CV-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016), *report and recommendation adopted*, No. 15-CV-4429 (WMW/JSM), 2016 WL 2930913 (D. Minn. May 19, 2016) ("'pro se litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)'" (quoting *Perkins v. Holder*, No. 13–CV–2874 (PAM/FLN), 2014 WL 755378, at *5 n. 8 (D.Minn. Feb. 26, 2014))); *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)) (it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves). As it appears Turner is engaged in the unauthorized practice of law, the Court will send a copy of this Memorandum and Order to the Nebraska Commission on Unauthorized Practice of Law.

With respect to Thompson's claims, she indicates that she does not want her case dismissed and that she wants to pursue her medical malpractice claims against the defendants named in the caption. Accordingly, the Court will grant Thompson's Motion to Withdraw, Filing No. 8, and deny her Motion to Dismiss, Filing No. 7, as moot. The Court will give Thompson leave to file an amended complaint on her own behalf to assert

7

claims against the named defendants. If Thompson chooses to file an amended complaint, she must include all of the claims she wishes to pursue against the defendants *in one document*. To be clear, Thompson's amended complaint must restate the relevant allegations of the Complaint, Filing No. 1, (if any) and of her various filings containing information relevant to her claims, Filing No. 9; Filing No. 11; Filing No. 12, and any new allegations. Thompson should be mindful to explain what each defendant did to her, when the defendant did it, and how the defendants' actions harmed her. Thompson is warned that any amended complaint she files will supersede, not supplement, her prior pleadings.

Also, if Thompson chooses to file an amended complaint, then she must also either submit the $402.00 filing and administrative fees to the Court or submit a request to proceed in forma pauperis. *See* NECivR 3.3(c) ("If more than one person brings a civil action for which leave to proceed in forma pauperis is requested, each plaintiff must file an application [and] affidavit . . . .").

If Thompson fails to file an amended complaint and submit either payment or a request to proceed in forma pauperis in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff Turner's claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they are malicious. The Clerk of the Court is directed to remove Terrance Turner as a party to this action and to accept no future filings from Turner in this case.

8

2. Plaintiff Turner's pending motions, Filing No. 10; Filing No. 13, are denied as moot.

3. Plaintiff Thompson's Motion to Withdraw, Filing No. 8, and motion to dismiss Turner's claims, Filing No. 12, are granted in accordance with this Memorandum and Order. Plaintiff Thompson's Motion to Dismiss, Filing No. 7, is denied as moot.

4. Plaintiff Thompson is directed to submit the $402.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

5. The Clerk of the Court is directed to send to Plaintiff Thompson the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

6. Plaintiff Thompson shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the court dismissing this case without further notice to Plaintiff Thompson.

7. In the event that Plaintiff Thompson files an amended complaint, Plaintiff Thompson shall restate the relevant allegations of the Complaint, Filing No. 1, (if any), her other pleadings, Filing No. 9; Filing No. 11; Filing No. 12, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff Thompson is warned that an amended complaint will supersede, not supplement, her prior pleadings.

8. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **November 27, 2023**: Check for MIFP or payment and amended complaint.

9. Plaintiff Thompson shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

10. The Clerk of the Court is directed to send a copy of this Memorandum and Order to the Commission on Unauthorized Practice of Law, Nebraska Supreme Court Counsel for Discipline, 3808 Normal Blvd., Lincoln, NE 68506.

Dated this 24th day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge